CAUSE NO. C-517-10-E



| | | |
|---|---|---|
| MARTHA MUNIZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | THE ___ JUDICIAL DISTRICT |
| THE UNIVERSITY OF TEXAS PAN AMERICAN, | § | |
| | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARTHA MUNIZ, hereinafter the "Plaintiff," and for cause of action would show unto this Court the following:

### I. DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURES

Pursuant to TEXAS RULES OF CIVIL PROCEDURE, Rule 190, Discovery shall proceed under Level 2. Pursuant to TEXAS RULES OF CIVIL PROCEDURE, Rule 194.2 (a-k), Plaintiff requests to be provided with initial disclosures from Defendant no later than 50 days from the service of this lawsuit.

### II. PARTIES

1) Plaintiff is an individual residing in Hidalgo County, Texas.

2)  Defendant, UNIVERSITY OF TEXAS PAN AMERICAN is a public educational entity within the University of Texas System located in Edinburg, Hidalgo County, Texas, represented in this matter by its Office of General Counsel and may be served by agreement between the parties:

>  **University of Texas System**
>  **Office of General Counsel**
>  **Esther L. Hajdar, Esq.**
>  **Attention: Priscilla Lozano**
>  **201 West Seventh Street**
>  **Austin, Texas 78701-2981**

### III.   JURISDICTION AND VENUE

3)  Jurisdiction is reposed in this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981 and 1983, Civil Rights Act of 1866, the Texas Labor Code as well as Texas and Federal law and Venue is proper in this Court for the reason that all causes of action accrued in Hidalgo County, Texas at the place of Plaintiff's employment, the University of Texas Pan American.

### IV.   FACTS COMMON TO ALL CLAIMS AND CAUSES OF ACTION

4)  The Plaintiff was a long-term, loyal and diligent employee of the Defendant for approximately eighteen years, last working in the capacity of Learning Specialist II. The Plaintiff brings this suit following the exhaustion of remedies and issuance of a notice of right to sue letter by the Equal Employment Opportunity Commission within 90 days of the filing of this lawsuit. This

lawsuit consists of causes of action within and outside the investigatory and enforcement authority of the Texas Workforce Commission/Equal Employment Opportunity Commission.

5) The Plaintiff's employment termination occurred on or about November 30, 2008, after the Plaintiff was notified of a planned restructuring within her department that would eliminate her position. The Plaintiff alleges that the "restructuring" in question was pretext and designed and conducted primarily to eliminate *her* from employment with the University, as opposed to any particular position or set of duties. The Plaintiff alleges that she had engaged in bringing a number of valid complaints prior to the reorganization that she was being retaliated against, which along with disparate treatment on the basis of her gender, national origin and race, motivated the decision to construct a reorganization plan to eliminate the Plaintiff. The Plaintiff further alleges she was qualified for continued employment within the University, and department, - the College of Science and Engineering, - even after the reorganization, for which she applied and was denied. The Plaintiff alleges that the Defendant's failure to adhere to its reduction in force procedures, in addition to weak rationale for the reorganization, further demonstrates the lack of nondiscriminatory intent to pursue a *bona fide* reorganization, and is consistent with discrimination and retaliation against the Plaintiff, inasmuch as her commendable performance and deportment made infeasible to attempt more direct employment action against her.

6) Prior to her termination, after the notice of the proposed reorganization, the Plaintiff submitted a detailed and supported grievance setting forth grounds challenging the compliance of the reorganization s well as the proposed consequence that the Plaintiff be separated from employment and not placed elsewhere. Most of the substance of the grievance garnered no response. The

Plaintiff incorporates by reference her grievance and correspondence of November 9, 2008 and prior grievances, correspondence and attachments, as if fully set forth herein.

7) The Plaintiff alleges that her prior EEO activity within her employment contributed to the decision to remove her through reorganization, including without limitation resentment from 2004 where the Provost reversed a decision to terminate the Plaintiff and placed her under a different direct report. Over time the Plaintiff again came under the authority of same individual who attempted her termination. In addition and without limitation, the Plaintiff also alleges that the Defendant:

 (i) decided to eliminate the position *before* required studies were done then ratified;

 (ii) resisted reclassifying the Plaintiff for years and listed the same duties under the same classification;

 (iii) allowed reorganization or restructuring to occur commencing from a level of authority below what is prescribed;

 (iv) failed to follow policy of informing a laid-off employee of positions;

 (v) utilized a wrong number for the Plaintiff regarding a claimed conference with the "Plaintiff" about one position sought and failure to respond to others;

 (vi) papered the Plaintiff's file with entries to support the reorganization.

8) The Plaintiff had been treated unfavorably with respect to each of the following areas:

 (i) requested to use time cards as an exempt employee which was abated only after other exempt employees would have had to do the same thing;

 (ii) vacation and comp time inconsistencies resulting in underpayment and docking;

(iii) complained of Equal Pay Act violations with respect to males with the same or similar job duties but different titles;

(iv) derogative treatment and remarks about her accent;

(v) derogative treatment and remarks about her national origin and the value of her foreign degree;

(vi) disparate valuation of the services of Mexican nationals and discriminatory presumption that they should be happy to work for less;

(vii) resentment for grievance by the Plaintiff for doing the work for which another employee received payment, after which time the Plaintiff was not allowed to teach.

9) The Plaintiff had endured retaliatory poor evaluations and a wrongful reprimand for pursuing a job reclassification and for complaining that she did nearly all of the lecturing and lab work for which another employee was paid. Thereafter, performance evaluations for the Plaintiff were apparently avoided for a number of years. The Plaintiff was subjected to false accusations, disparate pay and denial of title for similar duties, and denial of requests for compensatory time off. While employed the Plaintiff was advised not to apply for a certain position and was not selected by the committee including or chaired by the individual at issue in the prior grievance. The Plaintiff was excluded from meetings and events which would have furthered her involvement and advancement. The existence of the Plaintiff's role and title, for which she was denied reclassification or promotion, was questioned and held in diminished esteem even before the reorganization by those seeking her removal.

10) The Plaintiff seeks relief under the antidiscrimination, retaliation, and wrongful termination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981 and 1983, Civil Rights Act of 1866, the Equal Pay Act, the Fair Labor Standards Act, the Texas Labor Code, any enforceable or actionable policy of the Defendant, a public employers, as well as any applicable Texas or Federal law, without limitation. As a direct and proximate result of the facts made the basis of this lawsuit, the Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and or omissions of the Defendant, for which the Plaintiff now seeks recovery. Such damages include loss of wages and wage earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and future. The Plaintiff further seek an Order of this Court compelling the hiring or reinstating of the Plaintiff, with back pay, and restoring to her to all benefits and increases in salary to which she would have been entitled had the Defendant not discriminated against her. As an alternative to reinstatement, the Plaintiff seeks front pay. The Plaintiff seeks all actual and compensatory damages to which she may be entitled under the law. The Plaintiff also seeks recovery of her reasonable and necessary attorneys and experts' fees and expenses and designates her attorney as an expert witness on the subject of attorney fees. The Plaintiff further seeks any recovery of any allowable punitive or exemplary damages from this or any joined Defendant in an amount to be determined entirely by the discretion of the jury.

## V.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands at trial by jury and respectfully prays for the following relief from the Defendant, as determined by this Court:

1) All reasonable damages incurred by Plaintiff as a result of the violations complained of;

2) Legal and Equitable relief available;

3) Injunctive relief;

4) All attorney fees, costs, expenses and other relief for which Plaintiff is entitled.

Respectfully Submitted,

ANTHONY & MIDDLEBROOK, P.C.

By: *[signature]*
David R. Joe, Admitted to the
United States District Court,
Northern and Southern Districts of Texas
Texas Bar No. 24003872
Federal Bar 34002
1702 E. Tyler Street, Suite 1
Harlingen, TX, 78550
Office: (956) 428-5500
Fax: (956) 428-5518
ATTORNEY FOR PLAINTIFF

I have reviewed the preceding Plaintiffs' Original Petition prior to its filing and I understand and agree with the factual assertions it contains, which are true and accurate, and for which I will elaborate upon in discovery and at trial.

*[signature]* Martha Muniz                    2-19-2010
                                              Date



**DAVID ROYSE JOE**
SHAREHOLDER
ATTORNEY AND COUNSELOR AT LAW
ANTHONY & MIDDLEBROOK, P.C.

1702 East Tyler Street, Ste. 1
Harlingen, Texas 78550
Tel.: (956) 428-5500
Fax.: (956) 428-5518

davidjoe@amlawteam.com

<u>**VIA FACSIMILE (956) 318-2251**</u>      February 22, 2010

Mrs. Laura Hinojosa
Hidalgo County District Clerk
100 N. Closner
P.O. Box 87
Edinburg, Texas 78539

Re:   *Martha Muniz vs. The University of Texas Pan American; Cause No. C-517-10-E In the 275th Judicial District Court of Hidalgo County, Texas*

Dear Mrs. Hinojosa:

This letter is to advise the said Court as well as all of the attorneys of record that the undersigned will be on vacation from **March 15, 2010 through March 22, 2010**. We would request that the said Court not schedule any matters which would require his presence at hearings during this period.

All counsel of record have been served the foregoing, as noted herewith. Thank you for your assistance in this matter.

Sincerely yours,

David R. Joe
ANTHONY & MIDDLEBROOK, P.C.
For the Firm

xc:    University of Texas System
       Office of General Counsel
       Esther L. Hajdar, Esq.
       201 West Seventh Street
       Austin, Texas 78701-2981
       Facsimile: (512) 499-4523



C-517-10-E   

DISTRICT COURT, HIDALGO COUNTY, TEXAS 275th District Court
JUDICIAL DISTRICT OF TEXAS

## CITATION

MARTHA MUNIZ
vs.
THE UNIVERSITY OF TEXAS PAN AMERICAN

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

To: ROBERT S. NELSON, PRESIDENT
    STUDENT SERVICES BUILDING, 6.102
    1201 W. UNIVERSITY DRIVE
    EDINBURG, TEXAS 78539

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 275th District Court of Hidalgo County, Texas at the Courthouse at 100 N. Closner, Edinburg, Texas 78539.

Said Petition was filed on the 19TH day of FEBRUARY, 2010 and a copy of same accompanies this citation.
The file number and style of said suit being No. C-517-10-E
                MARTHA MUNIZ
                   vs.
        THE UNIVERSITY OF TEXAS PAN AMERICAN

Said Petition was filed in said court by DAVID R. JOE
1702 E. TYLER STREET, SUITE 1 HARLINGEN, TEXAS 78550

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and Given under my hand and seal of said Court, at Edinburg, Texas this the 24th day of March 2010.

                    Laura Hinojosa, District Clerk
                    Hidalgo County, Texas

By: _____
    ISRAEL MARTINEZ, 275th District Court Clerk

DELIVERED THIS 30 DAY OF March 2010
BY [signature] PROFESSIONAL CIVIL PROCESS
SCH 24572

```
                    O F F I C E R ' S   R E T U R N
     Came to hand on _____of_____, 20__ at_____o'clock____.m. and
executed in Hidalgo County, Texas by delivering to each of the within
named defendants in person, a true copy of this citation, upon which I
endorsed the date of delivery, to said def., together with the
accompaying copy of the Pltf.'s Petition at the following times and
places, to-wit:
-------------------------------------------------------------------------
Name                  |DATE           |Time         |Place:
-------------------------------------------------------------------------
and not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause of failure to execute this process is:_____
and the information received as to the whereabouts of said defendant,
being:_____ I actually and necessarily
traveled_____miles in the service of this citation, in addition to
any other mileage I may have traveled in the service of other process
in the same case during the same trip.
Fees: serving....copy(s) $_____
      miles..............$_____
                                          by:_____
```