IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARTHA MUNIZ,<br>    *Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF TEXAS–PAN AMERICAN,<br>    *Defendant*. | §<br>§<br>§  Civil Action No. 7:10-CV-00074<br>§<br>§<br>§<br>§<br>§<br>§ |

_____

**DEFENDANT THE UNIVERSITY OF TEXAS–PAN AMERICAN'S
MOTION TO ENFORCE SETTLEMENT**
_____

TO THE HONORABLE RANDY CRANE:

Defendant The University of Texas–Pan American ("UTPA") files this Motion to Enforce Settlement and, in support thereof, respectfully shows the Court as follows:

### I.   NATURE AND STAGE OF PROCEEDINGS

This is an employment discrimination case. Plaintiff asserts relief "under the antidiscrimination, retaliation, and wrongful termination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981 and 1983, Civil Rights Act of 1866, the Equal Pay Act, the Fair Labor Standards Act, [and] the Texas Labor Code." (Orig. Pet. ¶ 10, Dkt. # 1-3.) Plaintiff filed her Original Petition in the 275th Judicial District Court, Hidalgo County, on February 19, 2010. (*Id*.) Following service of the petition, UTPA timely removed this case on April 14, 2010. (Notice of Removal, Dkt. # 1.) UTPA subsequently filed a motion to dismiss the majority of Plaintiff's claims, which is currently pending. (Dkt. # 2.)

Around this same time, the Parties engaged in settlement discussions and negotiated the material terms of a settlement, as reflected in the offer and counteroffer letters between counsel. (Gibson Decl. ¶¶ 3-5, Exhs. 1-3.) On May 5, 2010, the Parties reached an agreement to settle this case, which was memorialized in a letter signed by counsel for both Plaintiff and UTPA. (Gibson Decl. ¶ 6, Exh. 4.)[1] The Parties subsequently informed the Court that they had "reached an agreement to resolve this case." (Notice of Pending Settlement at 1, Dkt. # 4.) On May 6, 2010, UTPA's counsel sent Plaintiff's counsel a draft of a more formal Release and Settlement Agreement for review and execution. (Gibson Decl. ¶ 7, Exh. 5.)

The Parties initially requested 90 days to finalize the formal settlement documentation, which the Court granted. (Notice of Pending Settlement at 1, Dkt. # 4; Order to Show Cause, Dkt. # 5.) Plaintiff subsequently requested an additional 90 days and informed the Court that "it appears the Plaintiff may not be disposed to complete the settlement of the case and that the Plaintiff and her counsel may have divergent views about the agreement reached." (P.'s Status Report ¶ 2, Dkt. # 6.) The Court granted this 90-day extension and set the show cause hearing for November 3, 2010. (Order Resetting Show Cause, Dkt. # 7.)

On October 21, 2010, Plaintiff's counsel informed the Court that "[t]he attorney-client relationship between Plaintiff Martha Muniz and David R. Joe has been discussed at length in the interim period of time, with the understanding having been reached that the relationship has ended and that Plaintiff Martha Muniz is in the process of engaging new legal representation to proceed on her behalf in this matter." (P.'s Status Report ¶ 2, Dkt. # 8.) Plaintiff's counsel requested another 60 days for Plaintiff to resolve matters regarding her representation. (*Id.* ¶ 3.) The Court subsequently

---

[1] The May 5 letter indicated that the settlement was subject to the approval of the Office of the Attorney General and The University of Texas System. UPTA has received settlement approval from both entities. (Gibson Decl. ¶ 8.)

*Def. UTPA's Motion To Enforce Settlement*                                                                 2

scheduled the first pre-trial and scheduling conference for December 8, 2010. (Am. Order, Dkt. # 10.)

After giving Plaintiff and her counsel sufficient time to address any issues regarding the settlement and Plaintiff's representation, UTPA now moves to enforce the agreed settlement, as memorialized in the May 5, 2010 written letter agreement.

## II.   ARGUMENT

"A District Court has the power to enforce summarily a settlement agreement reached in a case pending before it." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). "Questions regarding the enforceability or validity of such agreements are determined by federal law – at least where the substantive rights and liabilities of the parties derive from federal law." *Id.* Thus, in Title VII cases such as this one, the enforceability of a settlement agreement is governed by federal law. *See Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981). Public policy favors voluntary settlement of employment discrimination claims under Title VII. *Rogers v. General Electric Co.*, 781 F.2d 452, 454 (5th Cir.1986).

Settlement agreements are contracts under federal law, which "uses the core principles of the common law of contracts that are in force in most states." *Smith v. United States*, 328 F.3d 760, 767 n. 8 (5th Cir.2003) (per curiam); *see also Guidry v. Halliburton Geographical Services, Inc.*, 976 F.2d 938, 940 (5th Cir.1992). "A binding agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Lopez v. Kempthorne*, Civ. A. No. H-07-1534, 2010 WL 4639046 at *4 (S.D. Tex. Nov. 5, 2010). Thus, "[f]ederal law requires that a settlement of a Title VII claim be entered into voluntarily and knowingly by the plaintiff. Federal law does not require, however, that the settlement be reduced to writing." *Fulgence*, 662 F.2d at 1209 (quotations and citations omitted).

Moreover, "[i]f a party to a Title VII suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement." *Id*. As a result, courts in the Fifth Circuit have repeatedly enforced both oral and written settlements in Title VII cases, even where the parties contemplated more formal documentation. *See Fulgence*, 662 F.2d at 1209 (enforcing an oral settlement of Title VII claims); *Lopez*, 2010 WL 4639046 at *4 (enforcing mediated settlement where more formal agreement expressly contemplated); *Latham v. QCI Corp.*, Civ. A. No. H-07-2395, 2009 WL 483208 at *1 (S.D. Tex. Feb. 25, 2009) (enforcing settlement where plaintiff provided a signed confirmation by fax but then refused to sign formal agreement); *Sanders v. Mary Kay Inc.*, No. Civ.A. 3:98-CV-1077-D, 1999 WL 20834, at *1 (N.D.Tex. Jan. 13, 1999) (enforcing documented settlement where plaintiff refused to sign formal documents).

So too should the Court here. As the correspondence between counsel makes clear, the Parties engaged in good-faith negotiations regarding the material terms of settlement. (Gibson Decl. ¶¶ 3-5, Exhs. 1-3.) On May 5, 2010, the Parties reached an agreement to settle this case and memorialized that agreement in a letter signed by counsel for both Plaintiff and UTPA. (Id. ¶ 6, Exh. 4.) Such an agreement is more than sufficient to be an enforceable settlement under federal law. *See Fulgence*, 662 F.2d at 1209. UTPA's counsel subsequently sent Plaintiff's counsel a draft of a more formal settlement document for review and execution, which Plaintiff never executed. (Gibson Decl. ¶ 7, Exh. 5.)

The only basis offered by Plaintiff for refusing to abide by the Parties' agreement is that she now "may not be disposed to complete the settlement of the case and that the Plaintiff and her counsel may have divergent views about the agreement reached." (P.'s Status Report ¶ 2, Dkt. # 6.) However, as the Court in *Fulgence* held, a party cannot back out of a settlement when presented with

more formal documentation but instead "remains bound by the terms of the agreement." 662 F.2d at 1209. Thus, Plaintiff is bound by the terms of the settlement as reflected in the May 5 letter.

### III.   CONCLUSION

For the foregoing reasons, UTPA respectfully requests that the Court issue an order enforcing the terms of the Parties' settlement and dismissing this case.

Dated:  December 7, 2010

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RUTH R. HUGHS
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Attorney-In-Charge
Texas Bar No. 24068846
Southern District No. 1041236
Darren.Gibson@oag.state.tx.us
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF TEXAS–PAN
AMERICAN***

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 2, 2010, I spoke with Plaintiff's counsel, David R. Joe, regarding this motion. Mr. Joe stated that he could not take a position with respect to this motion in light of his anticipation that he will be replaced as Plaintiff's counsel. (*See* P.'s Status Report ¶ 2, Dkt. # 8.)

/s/ Darren G. Gibson  
**DARREN G. GIBSON**  
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant UTPA's Motion to Enforce Settlement was served via *Certified Mail, Return Receipt Requested* on December 7, 2010, to:

David R. Joe, Esq.  
Anthony & Middlebrook, P.C.  
1702 E. Tyler Street, Suite 1  
Harlingen, Texas 78550  
*Attorney for Plaintiff*

/s/ Darren G. Gibson  
**DARREN G. GIBSON**  
Assistant Attorney General